UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Wayne P. Saya, Sr**

     v.                                     Case No. 21-cv-1069-PB
                                                    Opinion No. 2022 DNH 079

**Mayor, Nashua, City of, et al.**

## ORDER

Wayne Saya has filed a 79-page complaint seeking declaratory and injunctive relief against the Mayor of Nashua, the President of Nashua's Board of Aldermen, and an epidemiologist working for the city.[1] His lawsuit targets seven ordinances that the city enacted in response to the Covid-19 pandemic. Defendants have responded with a motion to dismiss, arguing that Saya's claims are moot and that he lacks standing to sue. Because I find defendants' arguments persuasive, I grant their motion and dismiss Saya's complaint.

On May 22, 2020, several months into the Covid-19 pandemic, Nashua enacted Ordinance 20-018. The ordinance required everyone ten years old and above to wear a face-covering when "entering any business." See Doc. No. 46-2, 13-14. Anyone who had been "advised that wearing a face-covering may

---

[1] Saya also sued several state officials, but he has since abandoned those claims.

pose a risk to" their health was exempted. See id. Several months later, on September 22, the city passed Ordinance 20-029, which expanded the mask mandate. See id. at 15-18.

On May 25, 2021, however, after the successful introduction of vaccines for Covid-19, Nashua passed Ordinance 21-065, which rescinded its mask mandate. See id. at 5. Nashua later amended Ordinance 21-065 to explain that unvaccinated people were encouraged to keep wearing masks, but the ultimate decision to require masks rested with the business itself. See id. at 2-3.[2]

In late 2021, after the Covid-19 Omicron variant began spreading rapidly, the city fully reinstated its mask mandate. See Doc. No. 4-1, ¶¶ 2-4. The renewed mandate went into effect immediately and was set to continue until January 31, 2022. On January 25, Nashua passed another ordinance pushing the mandate's expiration date out about one month to February 28. See Doc. No. 46-2, 19-22. But this second iteration of Nashua's mask mandate was rescinded by Ordinance 22-006 on February 23. See Doc. No. 45-1. Saya has presented no evidence that the city has any plan to reinstate its mask mandate.

---

[2] The only continuing mandate was that "people traveling on public transportation" continue wearing masks "in accordance with federal guidelines." See id. at 2. Saya has not challenged this aspect of the ordinance.

Mainly for the reasons set forth by the defendants, Saya's claims are moot. Nashua no longer limits Saya's freedom to enter businesses without wearing a mask. Moreover, none of the standard mootness exceptions apply to this dispute. First, Saya has not presented a reason why his claim might fit within the capable of repetition yet evading review doctrine. See ACLU of Mass. v. U.S. Conf. of Cath. Bishops, 705 F.3d 44, 56-57 (1st Cir. 2013) (explaining that the doctrine "applies only in exceptional situations" and that it is the plaintiff's burden to establish that such circumstances exist (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983)). And the decision to rescind the mask mandate was made with no discernable desire to avoid this litigation. Thus, the voluntary cessation exception cannot keep this case alive. See id. at 55 ("The voluntary cessation doctrine does not apply when the voluntary cessation of the challenged activity occurs because of reasons unrelated to the litigation.").

Nor is there any apparent reason why the mask mandate would be revived. Covid-19 cases have continued to undulate seemingly without impacting the city's willingness to act. See Covid Act Now, Hillsborough County Covid-19 Data (last accessed June 24, 2022), https://perma.cc/75RA-EM56. Further, since the second mandate ended, vaccine and vaccine booster eligibility has expanded and new, effective treatments for Covid-19 have been introduced. I therefore dismiss Saya's claims as moot. See Pietrangelo v.

Sununu, 15 F.4th 103, 105 (1st Cir. 2021); see also Resurrection Sch. v. Hertel, 35 F.4th 524, 530 (6th Cir. 2022) (holding that a claim seeking prospective relief was "palpably" moot after the challenged mask mandate was rescinded with "no reasonable possibility" that a new mandate would be instituted).

Saya offers another argument that bears discussion. He believes that Ordinance 21-065 is still operative, so his claim cannot be moot. But whether that ordinance is still in effect is beside the point. Ordinance 21-065 only recommended that businesses "weigh the risks of" not requiring masks and explained that patrons must comply with each business's policy. See Doc. No. 46-2, 3. This generalized guidance fails to create an injury-in-fact sufficient to give Saya sufficient constitutional standing to bring his claim. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (explaining that a plaintiff's injury must be "concrete and particularized" to afford Article III standing). Nor has Saya put forth any compelling evidence that these defendants can control individual businesses' decisions. See, e.g., Cangelosi v. Edwards, 2020 WL 6449111, at *4 (E.D. La. Nov. 3, 2020) ("With or without [Louisiana's mask mandate] being in effect . . . business owners might very well require a face covering before entering their premises both for the protection of their employees and for the protection of their other patrons who might otherwise

be disinclined to enter the premises if a face covering is not required."). I therefore grant the defendants' motion to dismiss (Doc. No. 45).

SO ORDERED.

/s/ Paul J. Barbadoro_____
Paul J. Barbadoro
United States District Judge

July 7, 2022

cc:   Counsel of Record

5