**\*\*NO COPY OF THIS TRANSCRIPT MAY BE MADE PRIOR TO 11-14-2022**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * * * * * * * * * *
                                    *
     WAYNE P. SAYA, SR.             *
                                    *   21-cv-1069-PB
              v.                    *   February 23, 2022
                                    *   10:04 a.m.
   JAMES W. DONCHESS, ET AL         *
                                    *
* * * * * * * * * * * * * * * * * * *
```

TRANSCRIPT OF CASE MANAGEMENT CONFERENCE
BEFORE THE HONORABLE PAUL J. BARBADORO

APPEARANCES:

For the Plaintiff:        Wayne P. Saya, Sr., Pro Se

For the Defendants:       Steven A. Bolton, Esq.
                          City of Nashua Corporation Counsel

                          Seth Michael Zoracki, Esq.
                          New Hampshire Banking Department

Court Reporter:           Susan M. Bateman, RPR, CRR
                          Official Court Reporter
                          United States District Court
                          55 Pleasant Street
                          Concord, NH 03301
                          (603) 225-1453

```
 1                    P R O C E E D I N G S

 2              THE CLERK:  This Court is in session and has for

 3  consideration a case management conference in 21-cv-1069-PB,

 4  Wayne Saya versus Mayor, City of Nashua, et al.

 5              THE COURT:  All right.  So the purpose for this

 6  conference is to try to set a schedule for the resolution of

 7  all the pending matters, any discovery that's going to be

 8  required, any motion practice that the parties want to engage

 9  in.

10              Before I do, though, let me just briefly touch base

11  with the parties to understand their current positions.

12              Mr. Saya, I have read your complaint.  It's a

13  complex complaint.  You make a lot of assertions in it.

14              And at the risk of oversimplifying, it seems to me

15  that your primary concerns are you are alleging that the City

16  of Nashua has an ordinance regarding masking that violates

17  your constitutional rights and that the state of New Hampshire

18  has accepted a federal COVID-19 grant and that their act of

19  acceptance violates your constitutional rights.

20              Are those your principal claims, understanding that

21  you've filed probably a 200-paragraph complaint, but is that a

22  fair but simplified summary of what your principal concerns

23  are?

24              MR. SAYA:  Well, yes, but it extended more than

25  that.  I tried to explain it more in detail within my
```

1    objection to the state defendant's motion that I submitted

2    yesterday, and that goes into detail on how the board of

3    aldermen depends on the Department of Public Health.  The

4    Department of Public Health depends upon the Department of

5    Health and Human Services.  The Department of Health and Human

6    Services depends upon their requirement with regard to the

7    contractual obligations by the state.

8              Because the only -- the only way -- the only thing

9    that they have mentioned with regard to why they're doing this

10   is the CDC, and I explained that in my motion of yesterday

11   because -- I probably didn't explain it as much yesterday.  I

12   wrote it more as an engineering paper, which I'm used to

13   doing, than a legal paper.  So I'm a bit out of my league

14   there.

15             THE COURT:  It's complicated stuff.

16             I understand from my reading of the complaint --

17   and I haven't studied your objection to the motion to dismiss

18   yet because there's a reply deadline and I'm going to wait

19   until everything is together on that, so I haven't studied

20   that yet, but I understand you're making these claims about

21   interrelationships, that sort of bad things started happening

22   with the CDC and there's interconnections with what the CDC

23   does and what the state does, and then interconnections with

24   what the state does and the City of Nashua does, and that they

25   all are somehow connected in ways that support your claims.  I

1 | understand that general proposition.

2 |           But your core argument is that they're restricting

3 | your constitutional rights at the local level by this

4 | ordinance and that they're violating your I think you

5 | primarily are saying dormant commerce clause rights by the way

6 | this grant is being taken by the state.  Is that --

7 |           MR. SAYA:  Yes.  If there's a procedural due

8 | process in place in the City of Nashua, yes, the state's case

9 | goes away.

10 |           THE COURT:  Yeah.  Okay.

11 |           MR. SAYA:  I mean, that's from my position.

12 |           THE COURT:  All right.  Okay.  So you're also

13 | concerned about the process by which the ordinance was

14 | adopted.  Okay.  I get it.

15 |           I'm looking at it in terms of trying to manage the

16 | case, not the micro details of your arguments.  I'm just

17 | trying to figure out what is this case about, what do we have

18 | to do to resolve it, and one of the things that's very clear

19 | that it's about is an ordinance that the City of Nashua has

20 | enacted.

21 |           So let me start there and ask Nashua's attorney to

22 | tell me what is the ordinance, what is the current status of

23 | the ordinance.  I have not looked at the underlying ordinance

24 | yet.  So you educate me about that.  What does your ordinance

25 | say and do?  Is it still in effect?  What is the status of

1    that ordinance?

2              MR. BOLTON:   Thank you, your Honor.

3              Steve Bolton for the City of Nashua.

4              The ordinance required people entering a public

5    place to be wearing a face covering covering the nose and

6    mouth.   That ordinance was repealed last evening.   The Mayor

7    will sign it today and it will be no longer in effect.

8              THE COURT:   Does that from your perspective do

9    anything about the viability of the claims that the plaintiff

10   has against you for declaratory and injunctive relief?

11             MR. BOLTON:   I think it moots the basic premise of

12   the case.

13             Now, Mr. Saya contends -- let me step back a

14   minute.   There was a mask requirement originally back in 2020.

15   It was then repealed.   When the COVID situation again got

16   worse, there was another ordinance passed reinstating a mask

17   requirement.   Not identical, but in substance very similar.

18   That has now been repealed in response to declining rates in

19   Nashua of infections and hospitalizations.

20             So I think that part of the case is mooted.   He is

21   no longer required to wear a mask to do his shopping or

22   business in the community.

23             He contends that some of the procedures used

24   violated certain state statutes, notably RSA 31:5.

25             I have pointed out in my answer and in conversation

1   with Mr. Saya that 31:5 relates to towns with a town meeting

2   form of government and it does not relate to the City of

3   Nashua which has a board of aldermen form of government.

4            I guess he still thinks that has some viability in

5   his claim.

6            THE COURT:  Let me stop and focus in on -- I

7   construe his complaint as seeking injunctive and declaratory

8   relief.  To the extent he is seeking relief with respect to an

9   ordinance that no longer is in place, your contention is that

10  that claim is moot.  He would argue that it is not moot.

11           It would seem that the ordinary way that one would

12  present that issue for resolution to the Court would be in a

13  motion to dismiss for mootness, and you would simply identify

14  the ordinance that was enacted, produce evidence that it has

15  been repealed, make your argument about mootness and a motion

16  to dismiss, Mr. Saya would make his counterarguments in an

17  objection, and I could rule on that motion.

18           If you are right, the core components of his claim

19  against you disappear.  If you are wrong, we then have to turn

20  to any discovery that Mr. Saya might want to conduct and

21  schedule a hearing on the petition for injunctive relief

22  unless you have some summary judgment argument.

23           So it would seem to me given what you've just said

24  to me that you would want some time to prepare and file a

25  motion to dismiss based on mootness.  Is that right?

1          MR. BOLTON:  That is accurate, your Honor.

2          I can say that the repeal happened last evening at

3    about 10:00 p.m.  It is coincidental in the timing.  This case

4    had nothing to do with the timing.

5          THE COURT:  Okay.  All right.  Whatever it is, it

6    happened, and you might need a little time to prepare.  That's

7    one thing we'll put on the agenda to discuss in a minute.

8          Let me turn to the state.  You've already filed a

9    motion to dismiss.  You claim, among other things, that the

10   plaintiff lacks standing and that his claims against you -- to

11   the extent he is challenging your receipt of the grant, he

12   clearly lacks standing.  And I think you're saying to the

13   extent he's saying anything else we don't really understand

14   him and we want him to file an amended complaint that's clear

15   enough for us to be able to respond to, and we don't think we

16   have it yet.

17          Is that your position?

18          MR. ZORACKI:  That's correct, your Honor.

19          THE COURT:  Okay.

20          So, Mr. Saya, you filed an objection to their

21   motion to dismiss where you've apparently tried to more

22   specifically explain your theories about why their motions

23   should be denied.  They have an opportunity to file a reply to

24   that.  Once it's done, I'll just read -- what I'm proposing to

25   do is just read those and do my legal research, and then I'll

1    issue an order either granting or denying the motion.

2              If the motion is granted in its entirety, your

3    claims against the state defendants would be dismissed.  You

4    would have a right to appeal.

5              If I were to deny the motion, we would then follow

6    the same practice, what discovery do we need to conduct, what

7    motion practice do we need to have.

8              If the case survives that initial motion practice,

9    you have a request for preliminary and permanent injunction.

10   I would propose to put that on an accelerated track, do any

11   accelerated discovery that needs to be done, and have a

12   hearing on it and try to rule on it within a matter of a few

13   months.

14             But the first step should be each of the defendants

15   should have an opportunity to get a ruling from me on their

16   motions to dismiss.  So that's what I would propose we do

17   first.  Set a schedule for Mr. Bolton to file a motion to

18   dismiss on behalf of the Nashua defendants, let the state file

19   its reply to your objection to its motions to dismiss, let you

20   fully respond to Mr. Bolton's motion to dismiss.  I'll then

21   take the matter under advisement and issue written decisions

22   on those two motions.

23             If the case goes out on the motions to dismiss, you

24   can file a notice of appeal.  If it does not go out on a

25   motion to dismiss, I would propose we have another status

1    conference and set a schedule for any discovery and any

2    further motion practice and to set an expedited hearing date

3    on the motion for injunctive relief.

4              Is that an acceptable proposal to you, Mr. Saya?

5              MR. SAYA:  Yes.  One thing I would like to mention

6    is the fact that harm had already been established prior to

7    the dismissal -- prior to any motion coming up that Mr. Bolton

8    may be filing so -- and there are a lot of jury questions

9    included in that.

10             So I know that because of the harm I've already

11   suffered during the time when I was having my cardiac issues

12   at the time the mask mandate was initially put into effect,

13   which is in my complaint, that would be one of my objections

14   to his motion.

15             THE COURT:  I understand.  You'll do your research.

16   I mean these -- the kind of arguments that you're pressing,

17   Mr. Saya, are legally quite complex and frankly more complex

18   than most lawyers are able to handle.  Certainly they're

19   challenging for a pro se litigant.  But I'm going to need you

20   to give me your best legal analysis on it when the time comes

21   in, and you'll just have to go to the library and try to do

22   research on mootness and explain your theories.

23             I understand your point.  You have an argument that

24   you want to press that the case should not be deemed moot

25   because you've already suffered an injury.  There will be a

1  response to that argument under the law.  I'm not going to

2  serve as anyone's lawyer here or advise people as to how to

3  proceed.  I'll just take your brief when you file it and rule

4  on the merits.

5         Mr. Bolton, we would ordinarily use a 14-day

6  timeframe here.  Perhaps given the complexity of the motion

7  for both sides it would make sense for me to give you 30 days,

8  give Mr. Saya 30 days, give you 14 days to reply, so that you

9  can all get enough time to do good quality work which I'm

10 going to expect from all of you.  Especially the lawyers.

11        If I gave you 30 days to file your motion, would

12 that give you sufficient time to do a good quality memorandum?

13        MR. BOLTON:  Yes, your Honor.

14        THE COURT:  And for you, Mr. Saya, is 30 days okay?

15        MR. SAYA:  Yes, sir.

16        THE COURT:  Okay.  So let's set a schedule.

17 Defendant to file a motion to dismiss based on mootness within

18 30 days.  Mr. Saya to respond within 30 days.  A reply to be

19 filed within 14 days thereafter.

20        I'll take the matter under advisement when it's

21 ripe and decide it on the pleadings without a hearing.

22        The state has a time set under our rule for a

23 reply.  You'll file your reply in the ordinary course.

24        I'll take that matter under advisement, decide it

25 without a hearing, and if there's anything left of the case

```
 1   after those rulings, I'll ask the clerk to set another status

 2   conference to allow for potential discovery, further motion

 3   practice, and to set a date for a hearing on the merits.

 4            Until then, I don't see any purpose to be served in

 5   engaging in other motion practice or discovery.  We've got to

 6   focus on these issues.  Let's just get these done, let's see

 7   what remains, and then I'll meet with you again and we'll talk

 8   about what else needs to be done to get the case resolved.

 9            Acceptable to you, Mr. Saya?

10            MR. SAYA:  Yes, your Honor.

11            THE COURT:  Okay.  Acceptable to you, Mr. Bolton?

12            MR. BOLTON:  Yes, your Honor.  Thank you.

13            THE COURT:  Acceptable to the state?

14            MR. ZORACKI:  Yes, your Honor.

15            THE COURT:  Okay.  Anything else anyone wants to

16   take up with me?  No?  Okay.  Great.  Thanks.

17            So I would just ask my case manager to note that

18   schedule down.  I don't think I need to issue a separate

19   order.  You can just enter something on the docket making

20   clear what the deadlines are.

21            THE CLERK:  Yes.

22            No further sur-replies after replies?

23            THE COURT:  No sur-replies.  We'll get it done just

24   after the replies and we'll be good to go.  I'm giving them

25   plenty of time to make sure we get things right.
```

1              Okay.  Thank you.  I'll look for your pleadings and

2    try to get them done as quickly as I can given the other

3    pressing business that I'm working on, okay?

4              All right.  Thank you everyone.  That concludes the

5    hearing.

6              MR. BOLTON:  Thank you, your Honor.

7              (Conclusion of hearing at 11:22 a.m.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                  C E R T I F I C A T E

 2

 3

 4        I, Susan M. Bateman, do hereby certify that the

 5   foregoing transcript is a true and accurate transcription of

 6   the within proceedings, to the best of my knowledge, skill,

 7   ability and belief.

 8

 9
     Submitted:  8-15-22      /s/   Susan M. Bateman _____
10                            SUSAN M. BATEMAN, RPR, CRR

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```